**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

JAMES M. MARTIN,                          :
                                          :
                    Plaintiff,            :
vs.                                       :        CASE NO. 4:11-CV-164-CDL-MSH
                                          :
M. LINDA PIERCE, et. al.                  :        PROCEEDINGS UNDER 42 U.S.C. § 1983
                                          :        BEFORE THE U.S. MAGISTRATE JUDGE
                    Defendants.           :
_____

**ORDER AND**
**REPORT AND RECOMMENDATION**

Plaintiff James M. Martin, a prisoner at Wilcox State Prison in Abbeville, Georgia,

has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.   Plaintiff seeks leave to

proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28

U.S.C. § 1915(a).   As explained below, Plaintiff's motion to proceed *in forma pauperis* is

granted.   The Court has also conducted a preliminary review of Plaintiff's Complaint, as

required by 29 U.S.C. § 1915A(a), and finds that the Complaint fails to state cognizable

claims against Defendants Judge William Smith, the Muscogee County Superior Court,

and Court Reporter Raymond Campbell.   It is therefore recommended all claims for

damages against those Defendants be dismissed under 28 U.S.C. § 1915A(b) for failure to

state a claim.   Service is thus ordered only as to Defendant M. Linda Pierce.

**BACKGROUND**

The present case arises from Plaintiff James Martin's unsuccessful effort to appeal

his criminal conviction.   According to the Complaint, Plaintiff was tried and found guilty

in the Muscogee County Superior Court of felony murder and possession of a knife during the commission of a felony.   He was then sentenced to serve life in prison for the felony murder and a consecutive five years in prison for possession of the knife.

Plaintiff now asserts that his trial judge, Defendant William Smith, violated his constitutional rights by failing to "request a continuance '*sua sponte*' and allow [Plaintiff's] case to be re-indicted" so that he may "be tried on a perfect indictment." According to the Complaint, Judge Smith "amended a 'fatally flawed' indictment" and "continued the trial."   Plaintiff apparently, at some point, stated his intent to file a "notice of appeal."   According to Plaintiff, the Court Reporter, Defendant Raymond Campbell, "erred and filed" Plaintiff's "notice of appeal" with the Georgia Court of Appeals rather than with the Georgia Supreme Court.   Plaintiff appears to allege that this error resulted in his motion for discretionary appeal being denied.

It also appears from the allegations in the Complaint that Plaintiff discovered this "error" during the habeas process and sought another discretionary review by the Georgia Supreme Court on this basis.   The Complaint alleges that the Supreme Court of Georgia granted Plaintiff's motion for discretionary review in March of 2010.   According to Plaintiff, "the reason for the [d]iscretionary [a]ppeal was to show where [the] Court Reporter erred. . . ."   Plaintiff alleges that Defendant Campbell's error "caused a procedural defect" which he has be unable to "overcome after seven years of appeal. . . ." Plaintiff states that his final appeal then "went awry" when Defendant Linda Pierce, a superior court clerk, refused to docket his pleadings on time.

Plaintiff's allegations regarding his claim against Defendant Pierce are difficult to

understand.   He clearly asserts, however, that Defendant Pierce (1) failed and refused to file and docket his pleadings, (2) "went beyond [her] discretion" in refusing to file or docket his pleadings, (3) "consistently refuse[d] to file, docket, or notify Plaintiff of the outcome of his pleading[s]," and in fact (4) refused to file and docket Plaintiff's pleadings "for more than eighteen months."   Indeed, this is not the first time Plaintiff has filed suit against Defendant Pierce for such failures.   Plaintiff filed a prior lawsuit against Defendant Pierce because she refused to file his pleadings in Muscogee Superior Court from 2002 to 2006.   *See Martin v. Pierce*, 4:05-cv-75-CDL-GMF (M.D. Ga. 2005) (voluntarily dismissed pending the outcome of an appeal for probable cause filed with the Supreme Court of Georgia).[1]   Plaintiff believes that Defendant Pierce's most recent failure was retaliatory and because of the prior suit he filed against her.   Plaintiff was also apparently subject to a physical assault while in prison, and he now charges Defendant Pierce with liability for that incident because "there is a likelihood plaintiff would not have been assaulted . . . and would not be in prison today" if she had filed his pleadings on time.[2]

Accordingly, Plaintiff filed the present action naming Judge William Smith, the Muscogee County Superior Court, Court Reporter Raymond Campbell, and Clerk Linda Pierce as Defendants.   Upon review of the allegations in his Complaint, however, the Court finds that Plaintiff has failed to state a claim against the first three Defendants.

---

[1]  A review of PACER reveals that, though Plaintiff has filed as many as eight civil lawsuits in federal court, he has not yet exceeded the "three strikes" allowed by 28 U.S.C. §1915(g).

[2]  Plaintiff has filed a separate cause of action based upon these allegations, which is still pending in this Court.   *See Martin v. McDaniel*, 5:11cv192-MTT-MSH (M.D. Ga.).

## DISCUSSION

### I.    Motion to proceed *in forma pauperis*

Plaintiff seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).   Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the $350.00 filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1).   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.   28 U.S.C. § 1915(b)(4).   Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of Plaintiff's prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.   The Clerk of Court is directed to send a copy of this Order to the business manager of Wilcox State Prison.   It is further ordered and directed that collection of monthly payments from plaintiff's trust fund account shall continue until the entire

$350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the PLRA.   Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**II.    Preliminary Review of Plaintiff's Complaint**

    A.    Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a).   In so doing, the district court must accept all factual allegations in the Complaint as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).   Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B) (requiring the same of

pleadings filed parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a §1983 complaint because factual allegations were insufficient to support alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

B.      Plaintiff's Claims against Judge William Smith and the Muscogee County Superior Court

Judge William Smith and the Muscogee County Superior Court are simply not amenable to suit.   A state superior court is not an entity that may be sued.   It is neither a natural person, an artificial person, nor a quasi-artificial person capable of being sued under 42 U.S.C. § 1983.   *Salim v. Georgia*, 2008 WL 5456003 at * 3 (M.D. Ga. Dec. 31, 2008).   State judges are likewise immune from immune in a § 1983 suit for damages for judicial acts done within the jurisdiction of the Court.   Though judicial immunity may be overcome, it is only defeated in two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity," and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 11-12, (1991) (internal cites

omitted).   In this case, Plaintiff has failed to allege facts suggesting that either circumstance is applicable.

Moreover, even if Plaintiff could allege facts suggesting that Judge Smith acted in clear absence of all jurisdiction in his criminal trial, Plaintiff's present claim would still be barred by the rule identified in *Heck v. Humphrey*, 512 U.S. 477 (1994).   In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.

*Id*. at 486-87.   Thus, a prisoner cannot bring a §1983 action which could potentially invalidate a sentence or conviction unless the sentence or conviction in question has previously been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. *Id*.

The allegations in Plaintiff's Complaint are obviously intended to invalidate his present conviction and sentence. Thus, because Plaintiff has not alleged that his conviction has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus, *Heck* bars all §1983 claims related to this conviction.

For these reasons, it is RECOMMENDED that all claims Plaintiff may have attempted to state against Judge William Smith and the Muscogee County Superior Court be DISMISSED.

C.      Plaintiff's Claims against Court Reporter Raymond Campbell

Plaintiff's allegations regarding Defendant Raymond Campbell's alleged error in filing his notice of appeal to the Georgia Court of Appeals likewise fails to state an claim. First of all, it is unclear how Defendant Campbell, as a court reporter, was obligated to file Plaintiff's notice of appeal.   However, even if Campbell is a state actor and was obligated to file something on Plaintiff's behalf, the allegations in the Complaint fall short of stating a constitutional claim.   There are no allegations in the Complaint which suggest that Defendant Campbell's error was intentional or that he was otherwise deliberately indifferent to Plaintiff's constitutional rights.   At most, Plaintiff has alleged that Defendant Campbell erred mistakenly or negligently.   A negligent act by a state official does not give rise to § 1983 liability.   *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990); *Hernandez v. Florida Dept. of Corrections*, 281 F. App'x 862, 866 (11th Cir. 2008) ("Allegations of negligent conduct do not state a constitutional claim and thus, are not actionable under § 1983.").

It is thus RECOMMENDED that Defendant Raymond Campbell also be DISMISSED from this action.

D.      Plaintiff's Claims against Court Clerk M. Linda Pierce

Plaintiff's sole remaining claims are against the Muscogee Superior Court Clerk, M. Linda Pierce.   Though Plaintiff has not stated any cognizable claim against Defendant Pierce arising from the physical assault he suffered in prison, the Court is currently unable to find that Plaintiff cannot, as a matter of law, make out an "access to the courts" claim against this Defendant.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir.2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002)). "To have standing to seek relief under this right, however, a plaintiff must show actual injury by "demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded." *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (internal alterations omitted) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Moreover, many federal courts have extended judicial immunity to all judicial officers, including court clerks, "where performance of a judicial act is involved or their duties have an integral relationship with the judicial process." *Coleman v. Farnsworth*, 90 F. App'x 313, 317 (10th Cir. 2004); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) ("It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions."); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (filing of documents by clerk is integral part of judicial process and protected by judicial immunity). This "ensures judges and judicial officers perform their duties vigorously and without fear of time-consuming, costly, vindictive or ill-founded damage suits brought on account of action taken in the exercise of their official responsibilities." *Coleman*, 90 F. App'x at 317 (internal quotation omitted).

Court clerks do, however, enjoy a "narrower ambit of immunity than judges." *Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir.1981)).   Though they "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction," they are only protected by "qualified immunity from all other actions for damages."   *Id.*   "Absolute immunity from damages actions applies, only in a narrow range of actions, for clerks of court acting in a nonroutine manner under command of court decrees or under explicit instructions of a judge.   Damages will not be awarded for a clerk's actions of this type even if in bad faith or with malice."   *Id.* (quoting *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980).   Accordingly, federal courts have held that "a court clerk who disobeys a court order, or exceeds his or her statutory authority by failing to file papers, loses the defense of absolute immunity" if the evidence suggests the clerk failed "to discharge a mandatory, nondiscretionary duty."   *Coleman*, 90 F. App'x at n. 5 (citing *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972) (holding clerk who impeded filing of prisoner's post-conviction papers was not entitled to absolute immunity for mandatory, ministerial act)); *see also Scott v. Dixon*, 720 F.2d 1542, 1546 (11th Cir. 1983) (citing *McCray*, 456 F.2d at 5) ("The question which must be answered with regard to the extension of absolute judicial immunity, therefore, is whether the act performed by the officer is discretionary or ministerial in nature."); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (suggesting allegations of an intentional delay in filing prisoner's complaint may be sufficient to state a claim against the clerk).

In this case, Plaintiff has alleged that Defendant Pierce's intentional actions

11

interfered and resulted in the denial of a discretionary appeal of his conviction and sentence.   According to Plaintiff, Defendant Pierce's refusal was an "abuse of her authority."   There is nothing in the Complaint suggesting that Defendant Peirce may have been acting under the order of a judge or performing a discretionary duty.   Thus, in light of the liberal construction which must be afforded to *pro se* pleadings, the Court will find that these allegations are sufficient to survive the frivolity review.   The Court cannot, at this early stage of the proceedings, find that Plaintiff has failed to arguably state a claim for relief or that Defendant Pierce is entitled the protection of judicial immunity.

As stated above, however, Plaintiff's allegations are far from clear.   Thus, Plaintiff is **HEREBY ORDERED** to supplement his Complaint with respect to his claim against Defendant Pierce.   In his supplement, Plaintiff shall clearly explain what documents were submitted to Defendant, when they were submitted, when they were filed and docketed, and what resulted from any alleged delay in the filing.   Plaintiff shall also clearly describe the specific actions taken by Defendant Pierce or the duties she failed to perform that allegedly violated his constitutional rights. Plaintiff may <u>not</u> include new claims in his Supplement. The Supplement shall only address Plaintiff's claims against Defendant Linda Pierce for refusal to file his pleadings, must be limited to five handwritten pages, and must be filed within **TWENTY-ONE (21) DAYS** of the date of this Order.

## CONCLUSION

Having conducted a preliminary review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), the Court finds that the Complaint fails to arguably state any claim against Defendants Judge William Smith, the Muscogee County Superior Court, or Court

Reporter Raymond Campbell.  It is, therefore, **RECOMMENDED** that all claims for damages against those Defendants be **DISMISSED** under 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

Plaintiff's claims against Defendant M. Linda Pierce will be permitted to proceed beyond the frivolity review stage.  It is thus **ORDERED** that service be made against Defendant Pierce and that she file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is also reminded of her duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## ORDER FOR SERVICE

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to

diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil

Procedure.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant(s) (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each Defendants' answer(s) or dispositive motion(s) (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: <u>except with written permission of the court first obtained,</u> interrogatories may not exceed TWENTY-FIVE (25) to each party, requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed

FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

SO ORDERED and RECOMMENDED, this 21st day of November, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE