IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES M. MARTIN, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:11-CV-164  CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| LINDA PIERCE, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendant Pierce's motion to dismiss (ECF No. 15). Specifically, Defendant Pierce claims that Plaintiff's Complaint should be dismissed for failure to state a claim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and for failure to comply with a court order pursuant to Federal Rules of Civil Procedure Rule 41(b). For the reasons described below, the Court recommends dismissal of Plaintiff's claims for lack of jurisdiction and for failure to state a claim.

### BACKGROUND

The present case arises from Plaintiff James Martin's unsuccessful effort to appeal his criminal conviction. According to the Complaint, Plaintiff was tried and found guilty in the Muscogee County Superior Court of felony murder and possession of a knife during the commission of a felony. He was then sentenced to serve life in prison for the felony murder and a consecutive five years in prison for possession of the knife.

After preliminary review, only Plaintiff's claims against Defendant Pierce remain pending. In his original Complaint, Plaintiff alleges that Defendant Pierce: (1) failed and refused to file and docket his pleadings; (2) "went beyond [her] discretion" in refusing to file or docket his pleadings; (3) "consistently refuse[d] to file, docket, or notify Plaintiff of the outcome of his pleading[s];" and in fact (4) refused to file and docket Plaintiff's pleadings "for more than eighteen months." Plaintiff believes that Defendant Pierce's most recent failure was retaliatory and because of a prior suit he filed against her. *See Martin v. Pierce*, 4:05-cv-75-CDL-GMF (M.D. Ga. 2005) (voluntarily dismissed pending the outcome of an appeal for probable cause filed with the Supreme Court of Georgia).

In an order filed November 21, 2011, Plaintiff was directed to amend his complaint to assert an access to courts claim against Defendant Pierce. Specifically, Plaintiff was given the following instructions:

> Plaintiff shall clearly explain what documents were submitted to Defendant [Pierce], when they were submitted, when they were filed and docketed, and what resulted from any alleged delay in the filing. Plaintiff shall also clearly describe the specific actions taken by Defendant Pierce or the duties she failed to perform that allegedly violated his constitutional rights. Plaintiff may not include new claims in his Supplement. The Supplement shall only address Plaintiff's claims against Defendant Linda Pierce for refusal to file his pleadings [and] must be limited to five handwritten pages[.]

(Order 12, Nov. 21, 2011, ECF No. 5.) Plaintiff moved for additional time to file his supplement to his complaint which was granted by order on December 8, 2011. (ECF No. 10.) In that Order, the Court reemphasized the limitations described in the November 21 Order that Plaintiff must limit his claims in the Supplement and that the Supplement must be only five pages in length. (Order 2, Dec. 8, 2011.)

2

In response, on December 19, 2011, Plaintiff filed a twenty-nine page brief containing several pages of argument against Judge Smith. Plaintiff also included sixteen handwritten pages of argument against Defendant Pierce. Defendant Pierce thereafter filed a motion to dismiss (ECF No. 15) to which Plaintiff responded on April 1, 2012. (ECF No. 19.) Plaintiff also filed a motion for "forensic expert testimony" (ECF No. 21). These motions are ripe for adjudication before this Court.

## DISCUSSION

### I. Standard of Review for Failure to State a Claim

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## II.  Plaintiff's Claims

Initially, the Court notes that Plaintiff has failed to comply with the directions of this Court.  Plaintiff's supplement to his Complaint was limited to five handwritten pages and was supposed to only address existing claims against Defendant Pierce.  Furthermore, Plaintiff was also directed to

> clearly explain what documents were submitted to Defendant [Pierce], when they were submitted, when they were filed and docketed, and what resulted from any alleged delay in the filing.  Plaintiff shall also clearly describe the specific actions taken by Defendant Pierce or the duties she failed to perform that allegedly violated his constitutional rights.

(Order 12, Nov. 21, 2011.)  Nowhere in his Supplement does Plaintiff clearly explain what documents were submitted to Defendant Pierce, when they were submitted, when they were filed and docketed, or what alleged harm resulted from the delay.

As best the Court can tell from Plaintiff's pleadings, Plaintiff is making an access to the courts claim against Defendant Pierce.  Plaintiff complains that Defendant Pierce failed to properly file his appeal sometime in 2002. (*See* Suppl. to Compl. 13, 17, ECF No. 13.)  He also complains that in February or March 2010, he received a response to his motion for discretionary appeal from the Supreme Court of Georgia's clerk several days too late for him to timely file a reply. (*Id.* at 16.)  Plaintiff then proceeds to list multiple state and federal filings which he states he has not received a response from either the "court or the clerk." (*Id.* at 17-18.)  Plaintiff blames Defendant Pierce for having not received a "response" regarding these filings and states that her "(1) failure to file and docket pleadings; (2) showing prejudice and discrimination against indigent plaintiff (Martin) filing pleadings and (3) failure to notify pleader of the outcome or the decision

4

of trial judge" has violated Plaintiff's "First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment to United States Constitution." (Suppl. to Compl. 13, 20.) Plaintiff also states that Defendant Pierce made an error in filing a Notice of Appeal with the Court of Appeals that should have been filed "back to [the] Muscogee Superior Court so the petitioner could file ineffective assistance of counsel." (*Id.* at 22.) Plaintiff seeks to have this Court "remand [the case] back to Superior Court of Muscogee County or § 2254 back to District Court on Void Judgment and Conviction." (*Id.* at 24.)

Plaintiff likewise blames Defendant Pierce for an assault in prison in March 2010. (Suppl. to Compl. 27.) Plaintiff states that "[h]ad defendant Pierce performed [her] nondiscretionary mandatory duties[,] there is a likelihood the accused/plaintiff may have been discharged December 2010 after serving 10 years on a faulty felony murder trial predicated under a 'false pretext.'" (*Id.*) Plaintiff claims that Defendant Pierce has held his property in violation of the Fifth Amendment; but had Defendant Pierce not held his property and filed his pleadings, "there is a probability Martin would not have been assaulted and would have never lost hearing in his left ear." (*Id.* at 27-28.) The Court, however, has already found that "Plaintiff has not stated any cognizable claim against Defendant Pierce arising from the physical assault he suffered in prison," and will not revisit that decision. (Order and Report and Recommendation 9, Nov. 21, 2011; Order, Jan. 15, 2012, ECF No. 14.) Thus, Plaintiff's only potentially viable claim against Defendant Pierce is an access to the courts claim.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment,

5

and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir.2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002)). "To have standing to seek relief under this right, however, a plaintiff must show actual injury by "demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded." *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (internal alterations omitted) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). This actual injury requirement is a "constitutional prerequisite" to asserting an access to courts claim. *Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir. 1998). Actual injury can be missing a filing deadline or being prevented from presenting a claim. *Id.* at 1290 n.10 (citation omitted). Plaintiff has failed to allege an actual injury such that this Court lacks jurisdiction over Plaintiff's access to courts claim.

Plaintiff complains that Defendant Pierce failed to properly file his appeal in 2002.[1] However, Plaintiff does not allege that he could not appeal his conviction or that his appeal was impeded by Defendant Pierce's action. Plaintiff references his appeal in his response to the motion to dismiss and argues that Defendant Pierce made an error in pleading. (*See* Req. Magistrate Judge's Rep. on Pet. 4.) In looking at the case referenced by Plaintiff, *Martin v. State*, 277 Ga. 227 (2003), it is clear that Plaintiff suffered no injury from any alleged error in filing by Defendant Pierce. To the contrary, the Supreme Court notes that "Martin filed his timely notice of appeal on August 9, 2002 . . . [which was] docketed in this Court on January 23, 2003[.]" *Martin*, 277 Ga. at 227 n. 1. The

---

[1] The Court recognizes that there is a potential statute of limitations issue with Plaintiff's claim. This, however, has not been argued by Defendant Pierce, and since the Court lacks jurisdiction is not addressed herein.

Supreme Court considered Martin's appeal, but affirmed his conviction. *Id.* at 228. Plaintiff's disagreement with the outcome of his appeal does not create an access to courts claim against Defendant Pierce. Plaintiff lacks standing to assert this claim and it should be dismissed for lack of jurisdiction.

Plaintiff likewise has not alleged any actual injury which occurred from the failure to receive notice of the outcome of the other numerous filings listed by Plaintiff in his supplement.[2] These claims should therefore also be dismissed for lack of jurisdiction. Plaintiff does allege, however, that he suffered actual injury in February or March 2010 when he received a response to his motion for discretionary appeal from the Supreme Court of Georgia's clerk several days too late for him to timely file a reply. (Suppl. to Compl. 16.) Although Plaintiff alleges an actual injury, this claim is not asserted against Defendant Pierce, but is instead alleged against the "Clerk of Supreme Court" who "had mailed out docket date about 8-9 days late so [Plaintiff's] response back to Supreme Court was late by two days." (*Id.*) The clerk of the Georgia Supreme Court is not a party to this action. Thus, with regard to this claim, Plaintiff has failed to state a claim against Defendant Pierce and it should be dismissed.

## CONCLUSION

For the reasons described above, the claims against Defendant Pierce should be dismissed. It is therefore recommended that Defendant's motion to dismiss (ECF No. 15)

---

[2] Plaintiff also fails to allege that the filing of these documents was in any way within Defendant Pierce's responsibility. Defendant Pierce is the clerk of court for the Superior Court of Muscogee County. Filings in the federal court or other counties do not fall within her purview as clerk of court.

7

be GRANTED.[3]  Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 26th day of July, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[3] To the extent that Plaintiff's response to the motion to dismiss can be construed as a motion to remand (ECF No. 19), that motion should be denied.  Similarly, Plaintiff's motion for expert testimony (ECF No. 21) should be denied as moot.